1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

7   ROBERT HILL,

8                    Plaintiff,

9        v.

10   LUKE WALLIN, et al.,

11                    Defendants.

CASE NO. C15-5663 BHS

ORDER GRANTING
DEFENDANT THOMAS
WHITE'S MOTION FOR
SUMMARY JUDGMENT

12

13        This matter comes before the Court on Defendant Thomas White's ("Sergeant

14   White") unopposed motion for summary judgment (Dkt. 7).  The Court has considered

15   the pleadings filed in support of the motion and the remainder of the file and hereby

16   grants the motion for the reasons stated herein.

17                    **I. PROCEDURAL AND FACTUAL BACKGROUND**

18        On April 23, 2013, Plaintiff Robert Hill ("Hill") was arrested by Tacoma police

19   officers.  Dkt. 11-1, Declaration of Thomas White ("White Dec."), Ex. 1 at 10–11.  At the

20   time of the arrest, Officers Luke Wallin, Michael Galvin, and Ryan Hovey ("Officer

21   Hovey") were present.  *Id.* at 6, 10–11.  Sergeant White was not at the scene, and did not

22   have any part in Hill's arrest or booking.  White Dec. ¶ 3.

1    Following the arrest, Officer Hovey prepared an arrest report.  White Dec., Ex. 1

2    at 6.  Sergeant White electronically reviewed and approved the report submitted by

3    Officer Hovey.  *See id.*; White Dec. ¶ 4.  Sergeant White did not supervise Officer

4    Hovey, but Sergeant White was the sergeant tasked with reviewing the reports in the

5    system when Officer Hovey's report was pending approval.  *Id.* ¶¶ 4, 7.  When a sergeant

6    reviews a report for approval, the sergeant ensures that the report contains facts to

7    support the crime charged, uses correct spelling and grammar, and has completed all

8    required fields.  *Id.* ¶ 5.

9    On August 21, 2015, Hill filed a 42 U.S.C. § 1983 complaint against several

10   Tacoma police officers, including Sergeant White.  Dkt. 1-2 ("Comp.") ¶ 1.8.  Construing

11   Hill's pro se complaint liberally, Hill asserts § 1983 claims for false arrest and malicious

12   prosecution against Sergeant White.  *Id.* ¶¶ 5.5, 5.9.

13   On September 24, 2015, Sergeant White moved for summary judgment.  Dkt. 7.

14   That same day, Sergeant White informed Hill of the requirements for opposing the

15   summary judgment motion under *Rand* and *Wyatt*.  Dkt. 9.  Hill did not file a response.

16                              **II. DISCUSSION**

17   Sergeant White moves for summary judgment, arguing that all claims against him

18   should be dismissed with prejudice because he did not personally participate in the events

19   upon which Hill's suit is based.  Dkt. 7 at 4.

20   **A.    Summary Judgment Standard**

21   Summary judgment is proper only if the pleadings, the discovery and disclosure

22   materials on file, and any affidavits show that there is no genuine issue as to any material

fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

The moving party is entitled to judgment as a matter of law when the nonmoving party

fails to make a sufficient showing on an essential element of a claim in the case on which

the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317,

323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole,

could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must

present specific, significant probative evidence, not simply "some metaphysical doubt").

*See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists

if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question.  The

Court must consider the substantive evidentiary burden that the nonmoving party must

meet at trial—e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477

U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual

issues of controversy in favor of the nonmoving party only when the facts specifically

attested by that party contradict facts specifically attested by the moving party.  The

nonmoving party may not merely state that it will discredit the moving party's evidence

at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W.*

*Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory,

1  nonspecific statements in affidavits are not sufficient, and missing facts will not be

2  presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

3  **B.      Personal Participation**

4          Sergeant White argues that all claims against him should be dismissed because he

5  did not personally participate in the alleged constitutional violations.  Dkt. 7 at 4–5.

6  "Liability under section 1983 arises only upon a showing of personal participation by the

7  defendant."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  A person deprives

8  another "of a constitutional right, within the meaning of section 1983, if he does an

9  affirmative act, participates in another's affirmative acts, or omits to perform an act

10 which he is legally required to do that causes the deprivation."  *Johnson v. Duffy*, 588

11 F.2d 740, 743 (9th Cir. 1978).  "A supervisor is only liable for constitutional violations of

12 his subordinates if the supervisor participated in or directed the violations, or knew of the

13 violations and failed to act to prevent them."  *Taylor*, 880 F.2d at 1045.  "There is no

14 respondeat superior liability under section 1983."  *Id.*

15         Based on the evidence in the record, Sergeant White's involvement in this case

16 was limited to electronically approving a report prepared by Officer Hovey, an officer

17 that Sergeant White did not supervise.  *See* White Dec. ¶¶ 3, 7.  Hill does not submit any

18 evidence showing that Sergeant White personally participated in Hill's arrest and

19 prosecution or knew of the alleged constitutional violations.  In the absence of such

20 evidence, the Court grants Sergeant White's motion for summary judgment based on lack

21 of personal participation.

22

ORDER - 4

1

### III. ORDER

2       Therefore, it is hereby **ORDERED** that Sergeant White's motion for summary

3 judgment (Dkt. 7) is **GRANTED**.  The claims against Sergeant White are **DISMISSED**

4 **with prejudice**.

5       Dated this 16th day of November, 2015.

6

7

                        _____

8                        BENJAMIN H. SETTLE
                        United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22