1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10  ROBERT HILL,

11                    Plaintiffs,

12          v.

13  LUKE WALLIN, in his individual
capacity and his official capacity as police
14  officer; MICHAEL GALVIN, in his
individual capacity and his official
15  capacity as police officer; RYAN
HOVEY, in his individual capacity and
16  his official capacity as police officer;
THOMAS WHITE, in his individual
17  capacity and his official capacity as police
officer; CITY OF TACOMA, a municipal
18  corporation,

19                    Defendants.

CASE NO. C 15-5663 KLS

WRITTEN DECISION GRANTING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

20          Luke Wallin, Michael Galvin, Ryan Hovey and the City of Tacoma[1] have filed a

21  summary judgment motion seeking dismissal of all of Plaintiff's claims with prejudice.  Dkt. 18.

22

23  _____

24
        [1] The claims against Thomas White were dismissed on November 16, 2015. Dkt. 12.

1   Robert Hill did not file any pleadings in opposition to the motion.  He has been served with the

2   required *Rand* and *Wyatt* notices.  Dkt. 9.

3          Having reviewed the pleadings filed by the defendants as well as the First Amended

4   Verified Complaint for Civil Damages (Dkt. 1-2), the Court GRANTS the Defendants' motion

5   and all claims against the Defendants are dismissed with prejudice.

6                     **PROCEDURAL AND FACTUAL BACKGROUND**

7          Mr. Hill asserts § 1983 claims against the individual defendants for false arrest and

8   malicious prosecution.  Mr. Hill alleges that on April 23, 2013 he was wrongfully arrested by the

9   individual defendants, that the officers deliberately omitted information in their reports knowing

10   that failing to include such information would result in charges being filed, that charges were

11   filed and he was detained in jail as a result.  All charges were subsequently dismissed but he

12   asserts that his reputation was damaged when his arrest was reported in the News Tribune.  He

13   and that news of this incident affected his 2015 candidacy for city council.

14          Mr. Hill claims that the City of Tacoma is liable for failing to punish the individual

15   defendants for their commission of the "torts" he alleges occurred and that the City failed to train

16   the individual defendants in "proper constitutionally valid arrest procedures, and therefore is

17   negligent, thus undermining lawful government."  Dkt. 1-2, p. 7 – 8.

18          On April 23, 2013 Tacoma Police Department (TPD) Officer Ryan Hovey was on patrol,

19   in full uniform and in a marked TPD police vehicle driving northbound on Broadway.  As he

20   passed the entrance to the Hotel Murano, Kavin Williams, a private citizen, waved Officer

21   Hovey over.  Kavin Williams was with a woman named Kimberly Superneau.  Both Mr.

22   Williams and Ms. Superneau advised Officer Hovey as follows:

23         They had been standing outside the hotel entrance smoking when Mr.
           Hill, who they did not know, approached them and stood close to them,

24         making them uncomfortable.  Mr. Hill asked Ms. Superneau for her

1    name.  Mr. Williams and Ms. Superneau stated that they spoke very
     briefly when Mr. Hill became upset and began using profanities towards
2    them.  Mr. Hill then told Mr. Williams "I bet I have got a bigger d***
     than you and simultaneously lifted his tee shirt and revealed that the
3    zipper on the front of his pants was down.  Both victims reported to me
     that they could clearly see Mr. Hill's penis inside his pants as it
4    appeared he was not wearing underwear.  Mr. Williams advised me that it
     appeared to be an obvious effort by Mr. Hill to expose his genitalia to
5    them.

6    Dkt. 21, p. 2 – 3.  Officer Hovey then asked Officers Wallin and Galvin, who had approached the

7    scene in their vehicle, to detain Mr. Hill who had walked about twenty feet away and was

8    standing at the corner of South 13th and Broadway.  *Id.*

9         Mr. Hill denies exposing himself to the two people.  He testified that he waved the leather

10   end of his black belt at the two people after he made the comment that mine is bigger than his.

11   Dkt. 20-3, p. 38 – 39.  Mr. Hill then walked away from the two people and he saw a police car he

12   thinks had been following him after an incident at the Marriott.  Mr. Hill heard the man say "can

13   you do something about this guy, he flashed himself, or words similar to that effect."  *Id.* at p.

14   41.  It was after the man made this statement that the police made contact with Mr. Hill.  *Id.* at p.

15   42.   Mr. Hill alleges that he was arrested by Officer Hovey when he told Mr. Hill to not leave

16   the area and that he was arrested and taken into custody by Officers Wallin and Galvin.

17        It is undisputed that Mr. Hill was arrested without incident and that he was advised of his

18   Miranda rights.  During the search incident to the arrest Officer Galvin recalls having to remove

19   several items from Mr. Hill's pants, including a long black stick from inside his pants leg and a

20   black plastic Safe-T wrench type of tool which can be worn similar to metal knuckles and used

21   in a similar fashion.  Dkt. 22, p. 3.  Officer Wallin noted that during the search that the zipper on

22   Mr. Hill's pants was down and unzipped.  He also recalls that the officers had some difficulty

23   removing a "metal bar with a clip on one end, about eighteen inches long" from a pants leg.  Dkt.

24

23, p. 3.  The officers took Mr. Hill to the Pierce County Jail and he was booked for Indecent Exposure and Possession of a Dangerous Weapon.

According to Officer Hovey, the "safety wrench", found in Mr. Hill's right front pant pocket, is an item that is similar in purpose to brass knuckles and that it is an item that is "capable of producing harm to an individual when used consistent with brass knuckles or other martial arts-type fighting weapons."  Dkt. 21, p. 3 (Affidavit of Ryan Hovey).

Mr. Hill claims that the officer who wrote the report failed to include significant information which, if it had been provided, would "have been a mitigating circumstance for the prosecutor to at least wait a few more days" and perhaps ask more questions of the officer before filing charges.  Dkt. 20-3, p. 47 (Deposition of Robert J. Hill).  The specific information that was missing in the report is the length of time it took to the police officers to remove the leash from Mr. Hill's pants leg.  He is of the view that, if it took the officers some time to remove the leash, it would not have been possible for him to "actually show my penis and put it back so fast."  By failing to include this information it allowed the deputy prosecutor to go forward the next morning.  Dkt. 20-3, p. 47.  The Court notes, however, that the witnesses said they saw Mr. Hill's penis inside his pants as his pants were unzipped.

In response to questions of him at his deposition, Mr. Hill was not able to provide any facts that would support his claims against the City of Tacoma.

**STANDARD OF MOTION FOR SUMMARY JUDGMENT**

Summary judgment shall be rendered if the pleadings, exhibits, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FRCP 56(c). In deciding whether summary judgment should be granted, the Court "must view the evidence in the light most favorable to the nonmoving party," and draw all inferences "in the light most favorable" to that party. *T.W. Elec. Serv., Inc. v. Pacific Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987). When a summary judgment motion is supported as provided in FRCP 56, an adverse party may not rest upon the mere allegations or denials of his pleading, but his or her response, by affidavits or as otherwise provided in FRCP 56, must set forth specific facts showing there is a genuine issue for trial. FRCP 56(e)(2).

If the nonmoving party does not so respond, summary judgment, if appropriate, shall be rendered against that party. *Id.* The moving party must demonstrate the absence of a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). Mere disagreement or the bald assertion that a genuine issue of material fact exists does not preclude summary judgment. *California Architectural Building Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). A "material" fact is one which is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." *T.W. Electrical Serv.*, 809 F.2d at 630.

Mere "[d]isputes over irrelevant or unnecessary facts," therefore, "will not preclude a grant of summary judgment." *Id.* Rather, the nonmoving party "must produce at least some 'significant probative evidence tending to support the complaint.'" *Id.* (quoting *Anderson*, 477 U.S. at 290). "No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment." *California Architectural Building Prods., Inc.*, 818 F.2d at 1468. In other words, the purpose of summary judgment "is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

## 42 U.S.C. § 1983 CLAIMS

In order to succeed on a claim under 42 U.S.C. § 1983, Mr. Hill must prove: (a) the conduct complained of was committed by a person acting under color of state law, and (b) the

1   conduct deprived him of a right, privilege, or immunity secured by the Constitution or laws of

2   the United States. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*,

3   *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an

4   alleged wrong only if both of these elements are present. *See Haygood v. Younger*, 769 F.2d

5   1350, 1354 (9th Cir. 1985).

6   **False Arrest Claims – Fourth Amendment**

7          The individual defendants assert that there was no Fourth Amendment violation because

8   there was probable cause to arrest Mr. Hill.  The Fourth Amendment requires police officers to

9   have probable cause to make a warrantless arrest.  *Ramirez v. City of Buena Park,* 560 F.3d

10  1012, 1023 (9th Cir. 2009).   Probable cause to arrest exists if "under the totality of the

11  circumstances known to the arresting officers, a prudent person would have concluded that there

12  was a fair probability that the defendant had committed a crime." *Conner v. Heiman,* 672 F.3d

13  1126, 1132 (9th Cir. 2012).  The Court is required to analyze the facts and circumstances "that

14  were known to the officer at the time of the arrest." *Rosenbaum v. Washoe County,* 663 F.3d

15  1071, 1076 (9th Cir. 2011).

16          In this case, the victims/witnesses both reported to Officer Hovey that the plaintiff

17  approached them outside the Hotel Murano entrance, made a lewd comment and exposed his

18  penis to them.  This information was provided to Officer Hovey almost immediately after the

19  exposure occurred.  The witnesses, who are private citizens, had never had contact with Mr. Hill

20  previously, identified themselves to the officer, and were both clear in their statements to Officer

21  Hovey that Mr. Hill had exposed himself to them.  Officer Wallin also observed that plaintiff's

22  pants zipper was down when Mr. Hill was detained.

23          Tacoma Municipal Code 8.12.111 adopts, by reference, R.C.W. 9A.88.010(1):

24          A person is guilty of indecent exposure if he or she intentionally

WRITTEN DECISION GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT- 6

1   makes any open and obscene exposure of his or her person or the
2   person of another knowing that such conduct is likely to cause
    reasonable affront or alarm.

3

4   Mr. Hill was arrested and cited with Indecent Exposure.  The facts, as known by the

5   individual defendant officers, which was based solely on information provided them by private

6   citizens, clearly gave them probable cause to believe that Mr. Hill exposed himself to the

7   victims/witnesses and that he committed the crime of indecent exposure.  This conclusion was

8   also supported by the fact that Officer Wallin observed that Mr. Hill's zipper on his pants was

9   not zipped.  The Court concludes that the defendants did not violate Mr. Hill's Fourth

10  Amendment rights and that the warrantless arrest was made with probable cause.

11                              **Malicious Prosecution**

12  "In general, a claim of malicious prosecution is not cognizable under § 1983 if process is

13  available within the state judicial systems to provide a remedy."  *Lacey v. Maricopa County,* 693

14  F.3d 896, 919 (9th Cir. 2012).  There is, however, an exception to this rule for prosecutions that

15  are "conducted with the intent to . . . subject a person to a denial of [federal] constitutional

16  rights"  *Id.*  (quotation and citation omitted).

17  In order to prevail on a malicious prosecution claim under 42 U.S.C. § 1983, a plaintiff

18  must prove, in addition to the elements of a state law malicious prosecution claim, that the

19  defendant prosecuted him "for the purpose of denying him equal protection or another specific

20  constitutional right."  *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054 (9th Cir. 2009) (internal

21  quotations and citations omitted).  *See also Awabdy v. City of Adelanto,* 368 F.3d 1062, 1066

22  (9th Cir. 2004)(explaining that the Ninth Circuit has incorporated the relevant elements of the

23  common law tort of malicious prosecution into its 41 U.S.C. § 1983 analysis)(citing *Usher v.

24  City of Los Angeles,* 828 F.2d 556, 562 (9th Cir. 1987).   A malicious prosecution claim is not

1    limited to prosecutors and may be brought against other individuals who have wrongfully caused

2    the charges to be filed. *Awabdy,* 368 F.3d at 1066.

3        There is a rebuttable presumption that a prosecutor exercised independent judgment in

4    deciding to file criminal charges. This rebuttable presumption immunizes investigating officers

5    from liability for injuries sustained after the charging decision. *Id.* at p. 1067. However, the

6    presumption may be rebutted with evidence that the investigating officers "improperly exerted

7    pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory

8    evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental

9    in causing the initiation of legal proceedings." *Id.* The Court notes that plaintiff's "account of

10   the incident in question, by itself, does not overcome the presumption of independent judgment"

11   on the part of the prosecutor. *Newman v. County of Orange*, 485 F.3d 463, 482 (9th Cir. 2007).

12       However, a police officer "who maliciously or recklessly makes false reports to the

13   prosecutor may be held liable for damages incurred as a proximate result of those reports."

14   *Blankenhorn v. City of Orange,* 485 F.3d 463, 482 (9th Cir. 2007).

15       The plaintiff has failed to meet his burden of proof. There is a complete absence of

16   facts, much less any inference from facts, that the individual defendants engaged in any wrongful

17   or bad faith conduct done for the purpose of denying Mr. Hill his constitutional rights. Mr. Hill

18   has also, therefore, failed to rebut the presumption that the prosecutor exercised independent

19   judgment in deciding to file criminal charges. The individual defendants are entitled to dismissal

20   of all Plaintiff's § 1983 claims against them as the undersigned has found they did not violate

21   any of Mr. Hill's federal constitutional rights.

22                                    **Qualified Immunity**

23       "The doctrine of qualified immunity protects government officials 'from liability for civil

24   damages insofar as their conduct does not violate clearly established statutory or constitutional

WRITTEN DECISION GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT- 8

1   rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223,

2   231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity thus

3   shields government officials from money damages, unless the plaintiff "pleads facts showing (1)

4   that the official violated a statutory or constitutional right, and (2) that the right was 'clearly

5   established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2083

6   (2011) (quoting *Harlow*, 457 U.S. at 818).

7        In considering the first prong, the Court must determine whether "[t]aken in the light

8   most favorable to the party asserting the injury, do the facts alleged show the officer's conduct

9   violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201 (2001). As discussed above,

10  Plaintiff has failed to establish that Defendants violated any of his constitutional rights.  The

11  officers' conduct was constitutional and therefore there can be no violation of § 1983.  The

12  officers have no need for immunity, as they have not violated any of Mr. Hill's constitutional

13  rights.

14                              **Pendent State Claim**

15       As noted by the defendants, it is not clear if Mr. Hill is only asserting a § 1983 malicious

16  prosecution claim or if he is also making a malicious prosecution claim under Washington law.

17       "The decision to retain jurisdiction over state law claims," even when "the federal claims

18  over which" the district court "had original jurisdiction are dismissed," is entirely "within the

19  district court's discretion." *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995); *see also United*

20  *Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) (supplemental jurisdiction is a

21  doctrine of discretion, not of plaintiff's right). In addition to the requirement that there be "a

22  sufficiently substantial federal claim," for supplemental jurisdiction to apply there also must be

23  "a common nucleus of operative fact between the state and federal claims." *Gilder*, 936 F.2d at

24  421. In weighing whether to retain jurisdiction, furthermore, the Court considers "factors such as

1   economy, convenience, fairness, and comity." *Brady,* 51 F.3d at 816.  Considering the facts of

2   this case the Court has determined to retain jurisdiction as to this state claim.  Trial was

3   scheduled for January 23, 2017 and Mr. Hill has not responded to the Defendants' Motion for

4   Summary Judgment.  There is an economy of resources and time for this Court to retain

5   jurisdiction as to this state claim.

6          The Washington Supreme Court has established five elements of the common law tort of

7   civil malicious prosecution:  (1) the defendant instituted or continued the prosecution claimed to

8   have been malicious; (2) the institution or continued prosecution of the action lacked probable

9   cause; (3) the proceedings were instituted or continued through malice; (4) the proceedings

10  terminated on the merits in favor of the plaintiff or were abandoned; and (5) the plaintiff suffered

11  injury or damage as a result of the prosecution.  *Hanson v. City of Snohomish,* 121 Wn.2d 552,

12  558, 852 P.2d 295 (1993).  Malice and want of probable cause constitute the gist of a malicious

13  prosecution claim.  *Id.*

14          [T]he requirement that malice be shown as part of the plaintiff's case in
        an action for malicious prosecution may be satisfied by proving that the
15      prosecution complained of was undertaken from improper or wrongful
        motives or in reckless disregard of the rights of the plaintiff.  Impropriety
16      of motive may be established in cases of this sort by proof that the
        defendant instituted the criminal proceedings against the plaintiff: (1)
17      without believing him to be guilty, or (2) primarily because of hostility
        or ill will toward him, or (3) for the purpose of obtaining a private
18      advantage as against him.

19  *Peasley v. Puget Sound Tug & Barge Co.,* 13 Wash. 2d. 485, 502, 125 P.2d 681(1941).

20          Probable cause is a complete defense to a malicious prosecution claim.  *Peasley,* 13.

21  Wn.2d at 499.  The dismissal of criminal charges may establish a prima facie case that there was

22  no probable cause.  This prima facie case may be rebutted by the defendant.  If the defendant

23  rebuts plaintiff's prima facie case, then the plaintiff has the burden of proof, through evidence, to

24

1    establish the want of probable cause and malice on the part of the Defendants, "for want of

2    probable cause without malice is of no avail." *Peasley*, 13 Wash. 2d at 499.

3        Although the case against Mr. Hill was subsequently dismissed, the defendants have

4    presented sufficient evidence to establish the presence of probable cause for both the arrest and

5    the filing of charges based on the same facts that led to the arrest of Mr. Hill.

6        Mr. Hill testified that the officer who prepared the report failed to mention the presence

7    of the long stick that was inside one leg of his pants and that this information would have been

8    material to the prosecutor's charging decision.  However, other than his own assertion that this is

9    the case, Mr. Hill has presented no facts to support his assumption.  In addition, Mr. Hill has

10   made no showing that had the officer mentioned the stick that it would have had any impact on

11   the charging decision made by the prosecutor.  Finally, Mr. Hill has failed to present any

12   evidence to show that the officers "instituted" the criminal proceeding without believing him to

13   be guilty, or (2) primarily because of hostility or ill will toward him, or (3) for the purpose of

14   obtaining a private advantage as against him.  There is a complete lack of evidence to support a

15   showing of malice on the part of the individual Defendants.

16       The Court concludes that Mr. Hill has failed to prove the elements of the common law

17   tort of civil malicious prosecution and any such claims against the individual defendants should

18   be dismissed.

19                          **PLAINTIFF'S MUNICIPAL LIABILITY CLAIMS**

20       Mr. Hill alleges a failure to train claim against the City of Tacoma and he also asserts that

21   the City failed to discipline the officers involved.

22       In order to prevail on a claim against the City of Tacoma under 41 U.S.C. § 1983, Mr.

23   Hill must show that the City's employees or agents acted pursuant to an official custom, pattern

24

1  or policy that permits deliberate indifference to, or violates, the plaintiff's civil rights.  *Monell v.*

2  *Dept. of Social Services,* 436 U.S. 658, 690-691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

3        The City of Tacoma may be held liable under § 1983 if its deliberate policy caused the

4  constitutional violation alleged.  *Blankenhorn v. City of Orange,* 485 F.3d 463, 484 (9th Cir.

5  2007).  Because the policy Mr. Hill complains of is a failure to train, he must show that (1) he

6  was deprived of a constitutional right, (2) the City of Tacoma had a training policy that amounts

7  to deliberate indifference to the constitutional rights of the persons with whom the police officers

8  are likely to come into contact, and (3) his constitutional injury would have been avoided had the

9  City of Tacoma properly trained its officers.  *Blankenhorn*, 485 F.3d at 484.

10       A foundational requirement for proving municipal liability is that an employee violated

11  the constitutional rights of a citizen.  Mr. Hill has failed to prove that the individual officers

12  violated any of his constitutional rights.    Without such proof, there can be no municipal

13  liability.  The City of Tacoma is entitled to have all of Mr. Hill's claims against it dismissed.

14                                   **CONCLUSION**

15       For the reasons set forth above, the Defendants' Motion for Summary Judgment (Dkt. 18)

16  is granted and all of Plaintiff's claims against the Defendants are DISMISSED WITH

17  PREJUDICE.

18       The Clerk is directed to mail a copy of this written decision to the Plaintiff.

19       DATED this 21st day of December, 2016.

20

21

22                              Karen L. Strombom
                               United States Magistrate Judge

23

24